UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DOUG COATES and MARCIA HILLE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY,<br><br>                    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Doug Coates and Marcia Hille, individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), bring this class action against Defendant Foremost Insurance Company ("Foremost"), and in support thereof state the following:

### I.      NATURE OF THE ACTION

1. Plaintiffs operate Three Capes Vacations, through which they provide short term vacation rentals at two properties in Netarts, Oregon. Recently, however, Plaintiffs have been unable to offer vacation rentals at these properties because of SARS-CoV-2, sometimes called "Coronavirus" or by one of the names of the disease that it causes and that spreads it. For ease of reference, SARS-CoV-2 will be referred to as "COVID-19" herein.

2. To protect their business in the event that they suddenly had to suspend operations for reasons outside of its control, Plaintiffs purchased insurance coverage from Foremost, including property coverage, as set forth in Foremost's Dwelling Fire Three Policy Form (Form 11003 03/06) ("Property Coverage Form").

3. Foremost's Property Coverage Form promises to pay for "Loss of Rents" if damage occurs at a neighboring premises and civil authorities prohibit occupancies of the insured dwelling.

4. Plaintiffs have been unable to accept renters at their covered properties due to COVID-19 and the resultant closure orders issued by civil authorities in Oregon.

5. Upon information and belief, Foremost has, on a widescale and uniform basis, refused to pay its insureds under its Loss of Rent coverage for losses suffered due to COVID-19 and any orders by civil authorities that prohibited occupancies at insured dwellings. Indeed, Foremost denied Plaintiffs' claims for coverage for losses under their Foremost policies.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and Plaintiffs are citizens of different states, and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

## III.   THE PARTIES

*Plaintiffs*

8. Plaintiffs Coates and Hille are married Oregon residents, domiciled in Portland, Oregon.

*Defendant*

9. Defendant Foremost is a Delaware corporation, with its principal place of business in Caledonia, Michigan.

## IV. FACTUAL BACKGROUND

*A. The Property Coverage Form*

10. In return for the payment of a premium, Foremost issued Policy No. 381-5003308269-01 to Plaintiffs for a period of January 16, 2020 to January 16, 2021, including a Property Coverage Form. Policy No. 381-5003308269-01 is attached hereto as Exhibit A. Plaintiffs have performed all of their obligations under Policy No. 381-5003308269-01, including the payment of premiums. The Covered Property, with respect to the Property Coverage Form, is 1170 3rd Street, Tillamook, Oregon 97141.

11. In return for the payment of a premium, Foremost also issued Policy No. 381-5003308231-01 to Plaintiffs for a period of January 16, 2020 to January 16, 2021, including a Property Coverage Form. Policy No. 381-5003308231-01 is attached hereto as Exhibit B. Plaintiffs have performed all of their obligations under Policy No. 381-5003308231-01, including the payment of premiums. The Covered Property, with respect to the Property Coverage Form, is 1160 3rd Street, Tillamook, Oregon 97141.

12. In many parts of the world, property insurance is sold on a specific peril basis. Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.). Most property policies sold in the United States, however, including those sold by Foremost, are all-risk property damage policies. These types of policies cover all risks of loss except for risks that are expressly and specifically excluded. With respect to the Property Coverage Form provided to Plaintiffs, Foremost agreed to pay for "Insured Perils," meaning "direct, sudden, and accidental physical loss" to property.

13. Losses due to COVID-19 are an Insured Peril under Foremost policies with the Property Coverage Form.

14.     The Property Coverage Form promises to pay for "Loss of Rents."

15.     As part of the "Loss of Rents' coverage, in the Property Coverage Form, Foremost promises to pay for loss of normal rents for up to two weeks if damage caused by an Insured Peril occurs at a neighboring premises and civil authorities prohibit occupancies of the insured dwelling.

16.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006.  When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.  When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses.  Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

17.     Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Loss of Rents coverage in the Property Coverage Form.

### B.     *The Covered Cause of Loss*

18.     The presence of COVID-19 has caused civil authorities throughout the country to issue orders prohibiting occupancy of vacation lodgings, including civil authorities with jurisdiction over Plaintiffs' properties (the "Closure Orders").

19.     On March 22, 2020, Tillamook County issued an order requiring the closure of all transient lodging facilities, including short-term vacation rentals.  This order has been in effect since noon on March 23, 2020.

20. The Tillamook County Closure Order was issued in response to the spread of COVID-19 throughout Oregon.

21. As a result of the presence of COVID-19 and the Closure Orders, Plaintiffs and the other Class members lost rental income.

22. The presence of COVID-19 resulted in a significant reduction in bookings at Plaintiffs' insured properties.

23. The Tillamook County Closure Order has prevented Plaintiffs from renting their properties, and has reduced or eliminated their rental income.

## V.   CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

25. Plaintiffs seek to represent nationwide classes defined as:

- All persons and entities that: (a) had Loss of Rents coverage under a property insurance policy issued by Foremost; (b) suffered a loss of rents because of civil authorities prohibiting rental occupancy of an insured dwelling due to the presence of COVID-19; (c) made a claim under their property insurance policy issued by Foremost, and (d) were denied Loss of Rents coverage by Foremost for the loss of rents resulting from civil authorities prohibiting rental occupancy of an insured dwelling due to the presence of COVID-19 (the "Loss of Rents Breach Class").

- All persons and entities with Loss of Rents coverage under a property insurance policy issued by Foremost that suffered a loss of rents because of civil authorities prohibiting rental occupancy of an insured dwelling due to the presence of COVID-19 (the "Loss of Rents Declaratory Judgment Class").

26. Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities;

and the Court staff assigned to this case and their immediate family members.  Plaintiffs reserve the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

27. This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

28. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each defined Class are so numerous that individual joinder of all Class members is impracticable.  While Plaintiffs are informed and believe that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiffs but may be ascertained from Defendant's books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

29. **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

   a. whether the Class suffered a covered loss based on the common policies issued to members of the Class; and

   b. whether Foremost's Loss of Rents coverage applies to a loss of rental income caused by the orders of civil authorities prohibiting rental occupancy of an insured dwelling due to the presence of COVID-19.

30. **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members are all similarly affected by Defendant's refusal to pay under its Loss of Rents coverages.  Plaintiffs'

claims are based upon the same legal theories as those of the other Class members. Plaintiffs and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

31.     **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members who they seeks to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiffs intend to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiffs and their counsel.

32.     **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiffs seek class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Loss of Rents coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiffs could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

33.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

34.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### VI.   CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT – LOSS OF RENTS COVERAGE
**(Claim Brought on Behalf of the Loss of Rents Breach Class)**

35.     Plaintiffs repeat and reallege Paragraphs 1-34 as if fully set forth herein.

36.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Breach Class.

37.     Plaintiffs' Foremost insurance policies, as well as those of the other Loss of Rents Breach Class members, are contracts under which Foremost was paid premiums in exchange for its promise to pay Plaintiffs and the other Loss of Rents Breach Class members' losses for claims covered by the policy.

38.     Foremost agreed to pay of "the loss of normal rents" for up to two weeks if damage caused by an Insured Peril occurs at a neighboring premises and civil authorities prohibit occupancies of the insured dwelling.

39.     The Closure Orders triggered the Loss of Rents provision under Plaintiffs' and the other members of the Loss of Rents Breach Class's Foremost insurance policies.

40. Plaintiffs and the other members of the Loss of Rents Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by Foremost or Foremost is estopped from asserting them, and yet Foremost has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

41. By denying coverage for any business losses incurred by Plaintiffs and other members of the Loss of Rents Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Foremost has breached its coverage obligations under the policies.

42. As a result of Foremost's breaches of the policies, Plaintiffs and the other members of the Loss of Rents Breach Class have sustained substantial damages for which Foremost is liable, in an amount to be established at trial.

## COUNT II
## DECLARATORY JUDGMENT – LOSS OF RENTS COVERAGE
**(Claim Brought on Behalf of the Loss of Rents Declaratory Judgment Class)**

43. Plaintiffs repeat and reallege Paragraphs 1-34 as if fully set forth herein.

44. Plaintiffs bring this Count individually and on behalf of the other members of the Loss of Rents Declaratory Judgment Class.

45. Plaintiffs' Foremost insurance policies, as well as those of the other Foremost Declaratory Judgment Class members, are contracts under which Foremost was paid premiums in exchange for its promise to pay Plaintiffs' and the other Loss of Rents Declaratory Judgment Class members' losses for claims covered by the policy.

46. Plaintiffs and the other Loss of Rents Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Foremost or Foremost is estopped from asserting them, and yet Foremost has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has

wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

47. Foremost has denied Loss of Rents claims related to Closure Orders because of COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

48. An actual case or controversy exists regarding Plaintiffs' and the other Loss of Rents Declaratory Judgment Class members' rights and Foremost's obligations under the policies to reimburse Plaintiffs and the other Loss of Rents Declaratory Judgment Class members for the full amount of covered Loss of Rents losses incurred by Plaintiffs and the other Loss of Rents Declaratory Judgment Class members in connection with Closure Orders and the prohibition on rentals stemming from the COVID-19 pandemic.

49. Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Loss of Rents Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i. Plaintiffs' and the other Loss of Rents Declaratory Judgment Class members' Loss of Rents losses incurred in connection with the Closure connection with Closure Orders and the prohibition on rentals stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii. Foremost is obligated to pay Plaintiffs and the other Loss of Rents Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in its favor and against Defendant as follows:

a. Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiffs as Class representatives, and appointing Plaintiffs' undersigned attorneys as Counsel for the Classes;

b. Entering judgment on Count I in favor of Plaintiffs and the members of the Loss of Rents Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

c. Entering declaratory judgments on Count II in favor of Plaintiffs and the members of the Loss of Rents Declaratory Judgment Class as follows:

    i. Loss of Rents losses incurred in connection with the Closure Orders and the prohibition on rentals stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii. Foremost is obligated to pay for the full amount of the Loss of Rents losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

d. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

e. Ordering Defendant to pay attorneys' fees and costs of suit; and

f. Ordering such other and further relief as may be just and proper.

## VIII. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated:  May 4, 2020

Respectfully submitted,

*/s Amy E. Keller*
Amy E. Keller
Adam J. Levitt*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Timothy W. Burns*
Jeff J. Bowen*
Jesse J. Bair*
Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

*Counsel for Plaintiffs
and the Proposed Classes*

*Applications for admission *pro hac vice* to be filed